IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANNY A. CLEMENTS,                  )
                                    )
            Petitioner,             )
                                    )
                                    )      CIV-12-247-W
v.                                  )
                                    )
ERIC FRANKLIN, Warden,              )
                                    )
            Respondent.             )


REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this action pursuant to 28 U.S.C.

§ 2254 seeking a writ of habeas corpus.  In his Amended Petition filed March 21, 2012,

Petitioner challenges the convictions entered against him in the District Court of Garfield

County, Case No. CF-2000-198.   Respondent has moved to dismiss the Petition on the

ground that it is time-barred by operation of 28 U.S.C. § 2244(d)(1), and Petitioner has

responded to the Motion to Dismiss. The matter has been referred to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the

following reasons, it is recommended that the Petition be dismissed as time-barred.

On May 17, 2011, Petitioner and his defense attorney appeared in the District Court

of Garfield County, and Petitioner entered a plea of guilty to charges of Robbery with a

Dangerous Weapon (counts 1, 2, 5, and 6), Knowingly Concealing Stolen Property (count

3), Burglary in the Second Degree (count 4), and Unlawful Possession of Sawed-Off Shotgun (count 7).  Amended Petition (Doc. # 6), Ex. 2 (State of Oklahoma v. Danny Clements, Case No. CF-2000-198, Plea of Guilty Summary of Facts).  In this proceeding, Petitioner entered a "blind" plea of guilty without a negotiated sentence, and he was subsequently sentenced by the district court on July 24, 2001, to serve an aggregate 20-year term of imprisonment.

Petitioner filed an application for post-conviction relief in the district court on June 5, 2004, seeking to withdraw his plea of guilty.  The district court denied the application but recommended that Petitioner be allowed to appeal out-of-time.  On January 27, 2005, the Oklahoma Court of Criminal Appeals ("OCCA") granted Petitioner's application for leave to appeal out-of-time.  Petitioner then returned to the district court and applied to withdraw his plea.  The district court conducted a hearing on the application and denied the application on July 7, 2005.  Petitioner appealed this decision and asserted that (1) his guilty plea was not knowingly and voluntarily entered because it was based on erroneous advice from his defense attorney that he was eligible for the "RID" program[1] and (2) his twenty-year sentence is excessive and should be modified.  The OCCA issued a Summary Opinion Denying Certiorari in the appeal on March 1, 2007. Response, Ex. 2 (Danny Allen Clements v. State

---

[1]"RID" stands for Regimented Inmate Discipline Program.  The "RID" program was established in the Delayed Sentencing Program for Young Adults Act ("DSPYA"), Okla. Stat. tit. 22, § 996.1, and is operated by the Oklahoma Department of Corrections. The OCCA has described this program as one "reserved, among other persons, for adults aged 18 to 21 years who are charged with a nonviolent felony, with some limitations. . . . Upon a guilty verdict, or guilty or nolo plea, the trial court shall delay sentencing for an eligible defendant for not less than 180 days nor more than a year and order the offender to DSPYA, in custody of the Department of Corrections." Lewis v. State, 220 P.3d 1140, 1142 (Okla. Crim. App. 2009).

of Oklahoma, Case No. C-2005-703 (Okla. Crim. App. Mar. 1, 2007)(unpublished op.)).  In

this decision, the OCCA found that

> at the time of his plea, Clements had been advised that he faced
> imprisonment if convicted of the charged crimes.  Specifically,
> at Clements' plea colloquy, the district court judge made clear
> that he was accepting the plea based on representations
> contained in Clements' "Plea of Guilty Summary of Facts"
> form.  On item 11 of that form, Clements circled "Yes" in
> response to the following question [setting forth the minimum
> and maximum terms of imprisonment for each of his offenses].
> Additionally, in Item 19 of the plea form, Clements answered
> "No" to the question "[i]s there a plea agreement," and answered
> "Yes" in Item 21 to the question "[d]o you understand that if
> there is no plea agreement the Court can sentence you within the
> range of punishment stated in question 11?" . . . Through this
> form, Clements acknowledged to the district court that he
> understood the charged crimes were punishable by very specific
> and substantial terms of imprisonment.  Clements' plea was
> therefore knowing and voluntary.  The district court did not
> abuse its discretion in denying Clements' application to
> withdraw his plea.

Id. at 3-4.  With respect to Petitioner's second claim that he was denied effective assistance

of counsel in connection with the guilty plea, the OCCA applied the standard established in

Strickland v. Washington, 466 U.S. 668 (1984).  Citing  State ex rel. Lane v. Bass, 64 P.3d

556 (Okla. Crim. App. 2003), the OCCA noted that in the Bass decision it held "that a

defendant who pleads guilty to an enumerated disqualifying offense (e.g., robbery) is

considered 'convicted' of that offense and is therefore ineligible for  alternative sentencing

under 22 O.S. § 996.1."  The court reasoned, however, that "at the time of Clements' plea

in 2001, the question whether a guilty plea to a disqualifying offense constituted a conviction

for that offense, was not settled law." Id. at 4-5.  The court found that "[g]iven the unsettled

state of the law in 2001, Clements's counsel did not violate '*prevailing* professional norms' by urging the district court to construe 22 O.S. § 996.1 to permit eligibility for its alternative sentencing provisions solely on the basis that a guilty plea to a disqualifying offense does not by itself constitute a conviction." Id. at 5.

Concerning Petitioner's second ground, the OCCA found that the court's review was "limited to a determination of whether the sentence was legal" and that under the court's well-established standard a sentence would not be modified unless it was "so excessive as to shock the conscience of the Court . . . . " Id.  Applying this standard to Petitioner's claim of an excessive sentence, the OCCA concluded that

> [g]iven that each of Clements' individual sentences is well within the prescribed statutory limits, and given further that three twenty-year sentences on three of the four most serious counts were suspended, and the two, five, and seven years sentences on the three lesser counts were ordered to run concurrently with the single unsuspended twenty-year sentence on the remaining robbery count, Clements' total twenty-year term of imprisonment does not meet [the court's] standard.

Id. at 5-6.  Based on these findings and conclusions, the OCCA denied the petition for writ of certiorari.

On April 9, 2007, Petitioner filed a pleading in the district court entitled "Defendant's Request for Suspension of Sentence After Appeal" in which he sought a reduction of his sentence under Okla. Stat. tit. 22, § 994.[2]  Response, Ex. 3.  On April 7, 2008, the court

---

[2]Under this statute, "[a]fter appeal, when any criminal conviction is affirmed, either in whole or in part, the court in which the defendant was originally convicted may suspend the judgment and sentence . . . . Any order granting or denying suspension made under the provisions of this section

entered an order denying Petitioner's motion.  Response, Ex. 4.  On April 4, 2011, Petitioner

filed an application for post-conviction relief in the district court.  In that application,

Petitioner asserted that he was not properly advised of the range of punishment for the

charged offenses or that he would have to serve 85% of his sentence before being eligible for

parole.  Response, Ex. 5, at 2.  Petitioner also asserted that he was denied effective assistance

of counsel concerning the sentencing advice he received.  On June 14, 2011, the application

was denied, and on October 7, 2011, the OCCA affirmed the district court's decision denying

the application. Response, Ex. 5.

I. <u>Statute of Limitations Governing § 2254 Habeas Petitions by State Prisoners</u>

       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective

April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28

U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1).  As an Oklahoma prisoner

seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's

amendments. <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply

to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

        Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins

to run from "the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review."  The limitations period is tolled for

post-conviction applications pending during the limitations period. 28 U.S.C. § 2244(d)(2).

──────────────────

is a nonappealable order." Okla. Stat. tit. 22, § 994.

The limitations period may also be equitably tolled in extraordinary circumstances so long as the petitioner has diligently pursued his federal claims. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).   See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)(one-year limitations period may be subjected to equitable tolling in limited circumstances such as incompetence or actual innocence), cert. denied, 525 U.S. 891 (1998).

II. Analysis

Respondent contends that federal habeas review of the merits of the claims asserted in Petitioner's Amended Petition is barred under 28 U.S.C. § 2244(d).   Petitioner's convictions in Case No. CF-2000-198 became final for purposes of federal habeas review ninety days after the OCCA entered its decision denying his petition for certiorari review, when the time expired for Petitioner to seek certiorari of the decision in the United States Supreme Court.[3]  Jimenez v. Quarterman, 555 U.S. 113, 120 (2009)(state prisoner's conviction became "final" under § 2244 (d)(1)(A) when time for seeking certiorari review in Supreme Court expired);  Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)(holding a conviction is final when, "following a decision by the state court of last resort . . . the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed")(quotation omitted).   The OCCA entered its decision on March 1, 2007, and the ninety-day period for seeking certiorari in the Supreme Court expired on May 30, 2007.  Thus, absent statutory or

---

[3]See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari); 28 U.S.C. § 2101(d).

equitable tolling of the one-year limitations period, Petitioner's opportunity to timely file a federal habeas petition consistent with 28 U.S.C. § 2244(d)(1)(A) began on May 31, 2007, and expired one year later on May 30, 2008.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Supreme Court has interpreted the phrase "collateral review" to include any "judicial review of a judgment in a proceeding that is not part of direct review," including motions to reduce sentence under state law. Wall v. Kholi, __ U.S. __, 131 S.Ct. 1278, 1281-1282 (2011)(holding motion to reduce sentence under Rhode Island law was "collateral review" and tolled the AEDPA limitations period).  Giving Petitioner the benefit of the doubt in regard to the issue of statutory tolling, his state court motion seeking a reduction of his sentence under Okla. Stat. tit. 22, § 994, tolled the running of the limitations period under 28 U.S.C. § 2244(d)(2). See Najera v. Murphy, __ Fed. Appx. __, 2012 WL 453649 (10th Cir. Feb. 14, 2012)(holding "[b]ased on the Supreme Court's broad definition of collateral review, a motion for reduction of sentence under Wyoming law tolls the statute of limitations under § 2244(d)(2)(unpublished disposition)).

Petitioner's motion seeking a reduction of his sentence was filed on April 9, 2007, and denied on April 7, 2008 (file-stamped date on Order).  Because this period of tolling time began prior to the commencement of the applicable one-year limitations period and ended during the limitations period, the limitations period for Petitioner actually commenced on

7

April 8, 2008, and expired one year later on April 8, 2009.

Petitioner filed a post-conviction application in the district court on April 4, 2011. However, this filing did not toll the one-year limitations period under § 2244(d)(2) because it was filed after the limitations period expired.  See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002).

In his responsive pleading, Petitioner asserts that the Court should find his Petition was timely filed because two new Supreme Court decisions, Missouri v. Frye, __ U.S. __, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, __ U.S. __, 132 S.Ct. 1376 (2012), support his claim of ineffective assistance of counsel.  Petitioner cites 28 U.S.C. § 2244(b)(2) which prescribes circumstances under which a habeas petitioner seeking relief in a second or successive petition may obtain judicial review of otherwise defaulted claims.  This provision has no application here as Petitioner is attempting to obtain review of his first habeas Petition.

Petitioner's argument, however, may be generously construed, see Haines v. Kerner, 404 U.S. 519 (1972), to assert that his Petition is timely filed because an alternative date should begin the one-year limitations period.  Under 28 U.S.C. § 2244(d)(1)(C), the one-year limitations period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court held in Hill v. Lockhart, 474 U.S. 52, 56-57 (1985), that a defendant is entitled to the effective assistance of counsel when entering a guilty plea.  See

<u>also</u> <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970)(holding during plea negotiations defendants are "entitled to the effective assistance of competent counsel").  In <u>Hill</u>, the Supreme Court held "the two-part <u>Strickland v. Washington</u>[, <u>supra</u>,] test applies to challenges to guilty pleas based on ineffective assistance of counsel." <u>Hill</u>, 474 U.S. at 58. In <u>Cooper</u>, <u>supra</u>, the Supreme Court applied the <u>Strickland</u> standard to circumstances in which the petitioner's defense counsel advised him to reject a prosecutor's plea offer on the grounds he could not be convicted at trial and the petitioner was later convicted in a jury trial. The Court held that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.  If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." <u>Cooper</u>, 132 S.Ct. at 1387.

In <u>Frye</u>, <u>supra</u>, the Supreme Court recognized that "plea bargains have become so central to the administrative of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages," including the "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." <u>Frye</u>, 132 S.Ct. at 1407-1408.   In <u>Frye</u>, the Court articulated a new standard for showing prejudice under <u>Strickland</u>, finding that "defendants must demonstrate a reasonable probability they would have accepted [an] earlier plea offer had they been afforded effective assistance of counsel"

9

and that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it" if the trial court is given discretion to do so under state law. Id. at 1409.

Petitioner does not contend that a more-favorable plea bargain was not communicated to him, as in Frye, or that he was found guilty in a trial after he rejected a more favorable plea agreement based on bad advice, as in Cooper. Because neither of these decisions recognize a new constitutional right that is applicable to this case, Petitioner has not demonstrated that § 2244(d)(1)(C) determines the date on which the limitations period should commence.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner contends in his Amended Petition that his defense counsel "represented [to] him at this blind plea hearing that he would be sentenced to the program of 'RID' when in fact petitioner was not eligible" and later asserts that his defense counsel "erroneously

advised that, petitioner was eligible for a deferred sentence, as petitioner would be eligible for the 'RID Program' . . . ." Amended Petition, at 6-7.  Although it appears from his responsive pleading that Petitioner is basing an equitable tolling argument on this claim of ineffective assistance of counsel, Petitioner has not shown why the assistance he was provided or not provided by his defense counsel in connection with his guilty plea should excuse the untimely filing of his habeas Petition.

Petitioner has not shown that he has been reasonably diligent, see Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2565 (2010)(diligence required for equitable tolling purposes is reasonable diligence), in pursuing his federal claims.  Additionally, Petitioner has not shown that any extraordinary circumstances stood in his way and prevented him from filing a timely petition.  Therefore, equitable tolling is not available to excuse his untimely Petition, and the Petition should be dismissed as it is not timely filed.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by __ May 29th __ , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues

raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ____8th____ day of ____May___, 2012.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE