IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNY A. CLEMENTS, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. CIV-12-247-W |
| ERIC FRANKLIN, Warden, | ) ) ) | |
| Respondent. | ) | |

## ORDER

On May 8, 2012, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Court grant the Motion to Dismiss filed by respondent Eric Franklin, Warden, and dismiss as untimely the Petition for Writ of Habeas Corpus ("Petition"), as amended, filed by petitioner Danny A. Clements. Clements was advised of his right to object, and the matter now comes before the Court on Clements' Objection to the Magistrate's Report and Recommendation [Doc. 14].

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of Franklin's request for dismissal. Clements' Petition and the grounds raised therein are subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, Clements' convictions, after "blind" pleas of guilty in the District Court for Garfield County, Oklahoma, became final on May 30, 2007.[1] Clements' time therefore to seek federal habeas review under 28 U.S.C. § 2254 began on

---

[1] Clements' convictions became final on May 30, 2007, which was ninety (90) days after the Oklahoma Court of Criminal Appeals entered its Summary Opinion denying Clements' Petition for Writ of Certiorari, see Doc. 10-2, on March 1, 2007, and the time for seeking review in the United States Supreme Court had expired.

May 31, 2007, and expired on May 30, 2008. Clements' original Petition is file-stamped March 2, 2012. See Doc. 1. Accordingly, this matter is time-barred unless Clements can establish that the one-year limitations period has been tolled.[2]

Even assuming Clements' unsuccessful state court attempts seeking a suspension of his sentence statutorily tolled this one-year period, the period of tolling expired on April 8, 2009. See Docs. 10-3, 10-4. As the record establishes, Clements is neither entitled to any further statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), nor entitled to equitable tolling. E.g., Holland v. Florida, 130 S. Ct. 2549, 2565 (2010)(diligence required for equitable tolling is "reasonable diligence"); Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010)("actual innocence" exception to bar posed by AEDPA's limitations period applied only in extraordinary cases); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling appropriate only if "uncontrollable circumstances" exist).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 13] issued on May 8, 2012;

(2) GRANTS Franklin's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. 9] filed on April 23, 2012; and

(3) DISMISSES Clements' Petition, as amended, with prejudice.

ENTERED this 20th day of June, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2]To the extent Clements has relied upon 28 U.S.C. § 2244(d)(1)(C) and the United States Supreme Court's decisions in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), the latter authority provides no basis for relief since Clements' case is factually dissimilar.